UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAMEON WARFIELD, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 3:11-cv-01186 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| ROBERTSON COUNTY DETENTION CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is incarcerated at the Robertson County Detention Center ("RCDC") in Springfield, Tennessee. He brings this action under 42 U.S.C. § 1983 against the RCDC alleging that he and other inmates lack access to a law library in violation of their constitutional rights. (Docket No. 1). The plaintiff seeks compensatory damages in the amount of $700,000.00 and the construction of a law library at the facility. (*Id*.)

**I.      Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

1

Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**II.     Facts**

The plaintiff alleges that, during the seventeen (17) months he has been incarcerated at the RCDC, he has not enjoyed access to a law library or to any legal materials. He states that he "was told" by unspecified individuals that the RCDC was not required to maintain a law library as long as inmates such as the plaintiff had access to a telephone. The plaintiff also was told that the RCDC would provide the plaintiff with stamps if he needed them so that he could mail any legal questions to his attorney. (Docket No. 1 at p. 5).

**III.     Section 1983 Standard**

The plaintiff alleges a claim under § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**IV.     Analysis**

The plaintiff's complaint names only one defendant: the RCDC. However, the RCDC, like any other jail or workhouse, is not a "person" that can be sued under 42 U.S.C. § 1983. *Rhodes v.*

*McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Marbry v. Correctional Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000).

Because the plaintiff is proceeding *pro se*, the court could construe the complaint as an attempt to state a claim against Roberston County, the entity responsible for the operation of the RCDC. However, a claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by Robertson County or its agent. *Monell*, 436 U.S. 658, 690-691. In short, for Robertson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

The plaintiff here has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Robertson County. Consequently, the plaintiff has failed to state a claim against Robertson County. Consequently, the complaint does not contain a claim upon which relief can be granted.

## V.  Conclusion

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983.  28 U.S.C. § 1915A.  In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*.  28 U.S.C. § 1915(e)(2). Accordingly, the complaint will be dismissed.

An appropriate Order will be entered.

*/s/ Todd Campbell*
Todd J. Campbell
United States District Judge

3